FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

APR 1 3 2006

Stephan Harris, Clerk
Cheyenne

Stephen H. Kline
Kline Law Office, P.C.
P.O. Box 1938
Cheyenne, WY 82003-1938
(307) 778-7056
(307) 635-8106 (f)

Attorney for Plaintiff

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF WYOMING

* * * * *

JAMES F. RIPLEY, D.D.S, M.H.A. )
)
    Plaintiff, )
)
    vs. )
)
WYOMING MEDICAL CENTER, )
INC., a Wyoming Corporation and )
JAMES ANDERSON, M.D., JOHN D., )
BAILEY, M.D., STEVE CHADDERDON, )
THOMAS CUNNINGHAM, M.D., MARK )
DOWELL, M.D., KEN EICKOFF, PAM )
FULKS, BILL MCDOWELL, MARK )
MCGINLEY, M.D., SUSIE MCMURRY, )
STEVEN ORCUTT, M.D., DIANE PAYNE,)
MIKE REID, ED RENEMANS, )
CRAIG SMITH, M.D., LOUIS STEPLOCK,)
M.D., WERNER STUDER, M.D., JAY )
SWEDBERG, M.D. and ROBERT )
TRIPENY, as Individuals. )
)
    Defendant. )
)

**06CV0091 J**

Civil Action No. _____

## COMPLAINT

Plaintiff, James F. Ripley, by and through his attorney, Stephen H. Kline, for his complaint against Defendants, states and alleges as follows:

## JURISDICTION AND VENUE

1. This action is instituted under Sections 4 and 16 of the Clayton Act (15 U.S.C. §§15 and 26) to recover treble damages for and to obtain injunctive relief from injury by the Defendants to the business and property of Plaintiff sustained by reason of violation, by Defendants, as alleged below, of Sections 1 and 2 of the Sherman Antitrust Act (15 U.S.C. §§ 1 and 2).

2. The businesses of the Plaintiff and the Defendants, directly and indirectly, substantially affect trade and commerce among the several state, and the violations by the Defendants of the Sherman Act, as alleged herein, have substantially and adversely affected trade and commerce among the several states.

3. Plaintiff, James F. Ripley, (hereinafter referred to as "Ripley" or Plaintiff) is, and was at all times relevant hereto, an oral and maxillofacial surgeon and has offices in Casper, Wyoming. Plaintiff provides oral and maxillofacial services to patients in Casper, Natrona County and the surrounding areas, purchases a significant amount of medical and surgical supplies from sources outside of the State of Wyoming, purchases a significant amount of prescription drugs from sources outside of the State of Wyoming, and receives significant amounts in payment for his services from sources outside of the State of Wyoming, including private insurance carriers and agencies of the Federal Government.

2

4.     Defendant, Wyoming Medical Center, Inc. (also referred to as "WMC"), at all times relevant to this action has been a corporation organized under the laws of the State of Wyoming and operates a facility at 1233 East 2nd Street, Casper, WY 82601 with the purpose of providing patient care, education and research.  Defendant WMC is engaged in interstate commerce in that it (a) services a significant number of patients from outside the State of Wyoming; (b) it purchases a significant amount of medical and surgical supplies from sources outside the State of Wyoming; (c) it purchases significant amounts of prescription drugs and hospital supplies from sources outside the State of Wyoming; and (d) it receives significant amounts in payments for its services from sources outside of the State of Wyoming, including private insurance carriers and agencies of the Federal Government.

5.     Defendants, Anderson, Bailey, Chadderdon, Cunningham, Eickoff, McDowell, McMurry, Payne, Reid, Studer, and Tripeny currently are, and at times relevant to this action have been, members of the Board of Directors of Defendant WMC and have had control over the actions of Defendant WMC and the providing of services in interstate commerce.

6.     Defendants Dowell, McGinley, Orcutt, Payne, Smith, Steplock, Studer and Swedberg in February 2006 sat as members of the Medical Staff Development Committee making recommendations to the Board of Directors of Defendant WMC regarding whether Plaintiff and others similarly licensed should be permitted to be members of the Medical Staff of Defendant WMC and have control over the actions of Defendant WMC and the providing of services in interstate commerce.

3

7.    Defendants Fulks and Renemans are the President and the Senior Vice-President of Defendant WMC respectively and are responsible for overseeing and coordinating the day to day activities of Defendant WMC. Upon information and belief, during relevant times hereto, they also sit as non-voting members of the Board of Directors of Defendant WMC and were members of the Medical Staff Development Committee making recommendations to the Board of Directors of Defendant WMC regarding whether Plaintiff and others similarly licensed should be permitted to be members of the Medical Staff of WMC. As such, they have control over the providing of the services of Defendant WMC in interstate commerce.

8.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1337.

9.    Venue of this action is proper under 28 U.S.C. §1391(b) as the causes of action alleged herein arose in the State of Wyoming and the Plaintiff and all Defendants reside in and/or are citizens of the State of Wyoming.

## BACKGROUND OF CLAIMS

10.    Defendant WMC is the only facility providing for trauma related and in-patient oral and maxillofacial services within the Casper, Wyoming geographical area. In order to receive referrals from Defendant WMC, admit patients to Defendant WMC, and participate in emergency and trauma cases, and in order that their patients have full access to the Hospital's facilities, it is a necessity that an oral and maxillofacial surgeon be a member of Defendant WMC's Medical Staff.

4

11.     Plaintiff moved to the Casper, Wyoming area in 2003. Prior to moving to Casper, Plaintiff had practiced for over two decades in the specialty of oral and maxillofacial surgery. He had received admitting privileges in all of the hospitals in which he had practiced over his two decades of practice. Upon his application to Defendant WMC for admitting history and privileges in 2003, he was granted those privileges.

12.     Nine months later, Defendant WMC informed Ripley that his privileges did not include admitting privileges because the hospital Bylaws prohibit anyone with a degree other than a M.D. or D.O. from being a member of Defendant WMC's staff and thus from having admitting privileges. Plaintiff's admitting privileges were thus revoked on or about August 5, 2004 despite the fact that WMC had received no complaints about Plaintiff from any source, and he was not given an opportunity to contest any allegations of substandard practice in a peer review setting. Additionally, Plaintiff has been informed that he cannot perform IV sedations in WMC's facilities for which he is trained and qualified because he does not have an M.D. or D.O. degree.

13.     On three occasions since August 5, 2004, Plaintiff has made a request for reinstatement of his medical staff privileges without success. Under WMC's Medical Staff Bylaws, applications for appointment to the Medical Staff are initially considered by the Credentials Committee. The recommendation of the Credentials Committee is then forwarded to the Executive Committee of the Medical Staff. If the recommendation of the Executive Committee is favorable to the applicant, that recommendation is then submitted to the entire Medical Staff for approval.

5

14.     Most recently in October 2005, Plaintiff reinitiated the process for review of his medical staff privileges with Defendant WMC seeking a change in the Bylaws which would allow oral and maxillofacial surgeons to become members of the Medical Staff of Defendant WMC. This application was made in accordance with the Medical Staff Bylaws.

15.     Plaintiff's application for a change in the Bylaws and appointment to the Medical Staff was approved by the Credentials Committee, the Peer Review Committee, and the Executive Committee, and in December 2005, the Executive Committee forwarded the proposed changes to the entire Medical Staff for its review. A meeting of the Medical Staff was set for January 24, 2006 for the purposes of voting on the proposed Bylaw changes. On or about January 18, 2006, Defendant Studer, the Chief of the Medical Staff, abruptly announced that the scheduled meeting of the Medical Staff was being cancelled and that this matter was being referred to the Medical Staff Development Committee, a committee of the Board of Directors of Defendant UMC.

16.     In February of 2006, the Medical Staff Development Committee met regarding this issue and recommended to the Board that Plaintiff's application to be a full member of the Medical Staff be denied, although Defendants refuse to provide Plaintiff with any record of that meeting or the vote of its members. Plaintiff has also been informed that WMC's Board subsequently met and accepted the recommendation of the Medical Staff Development Committee. Upon information and belief, the Defendants, and each of them, have voted to deny him staff privileges although Defendants refuse to provide him with any record of that meeting

6

or vote despite his requests. The Defendants have provided Ripley with no reason for their actions in this regard.

17.     Defendant WMC's Bylaws have been used selectively and arbitrarily to exclude all oral and maxillofacial surgeons from competing for certain classes of patients with WMC's Medical Staff and with other physicians, especially emergency and trauma victims.

18.     Defendant WMC is in direct competition with Ripley regarding the admission of patients and is an essential facility under the anti-trust laws in that it is necessary for Ripley and others in his position to have access to the hospital to provide their services as oral surgeons, and it is economically infeasible for Ripley to duplicate the facility. Defendant WMC's denial of his ability to admit patients to their facility is contrary to law.

19.     As a direct and proximate result of WMC's actions alleged above, Plaintiff has lost numerous patients and has suffered extensive damages. Under 42 U.S.C. §15, Plaintiff is entitled to recover from the Defendant, jointly and severally, threefold such damages sustained as well as any future damages and the cost of suit, including reasonable attorney's fees.

20.     The effect of aforesaid activities has been to restrain trade and commerce by lessening competition substantially in and associated with the availability of oral and maxillofacial services. As a result, the public has been deprived of free and open competition in the foregoing trade and commerce.

## COUNT I: RESTRAINT OF TRADE /GROUP BOYCOTT

21.    Plaintiff restates and realleges those allegations contained in paragraph 1 through 20 above and incorporates them herein by reference.

22.    Beginning at least as early as August 2004, the Defendants and other unnamed individuals, in violation of §1 of the Sherman Act (15 U.S.C. §1), combined and conspired to illegally boycott Plaintiff and all oral and maxillofacial surgeons and others without M.D. or D.O. degrees and prevent them from attaining hospital staff privileges and providing services which they are qualified by education and training to provide. Among other things, the Defendants illegally entered into an agreement, the substantial terms and the necessary and foreseeable effects of which were as follows:

a.    To arbitrarily adopt requirements for admission to the active staff of Defendant WMC to exclude the Plaintiff and others with similar degrees from practicing at Defendant WMC and servicing patients who reside in the Casper, Wyoming area.

b.    To arbitrarily draft the Medical Staff Bylaws in such a way as to prevent Plaintiff and others with similar degrees from practicing at Defendant WMC and servicing patients at Defendant WMC.

c.    To intentionally restrict Plaintiff and others with similar degrees from offering medical services similar to those offered by other competing providers including Defendant WMC.

23.    As a result, the Plaintiff has suffered, and will continue to suffer, extensive damages cognizable under Section 1 of the Sherman Act.

8

## COUNT II:  RESTRAINT OF TRADE/ILLEGAL TYING AGREEMENT

24.     Plaintiff restates and realleges those allegations contained in paragraph 1 through 23 above and incorporates them herein by reference.

25.     Beginning as early as August 2004, Defendants and other unnamed individuals in violation of §1 of the Sherman Act (15. U.S.C. §1), entered into a combination and conspiracy in unreasonable restraint of trade and commerce in tying the services of Defendant WMC to individuals with M.D. and D.O. degrees without a reasonable basis and in unreasonably excluding Plaintiff and others with similar degrees from providing oral and maxillofacial and related services at Defendant WMC which they are qualified by education and training to provided.  Among other things, the Defendant entered into an agreement, the substantial terms and the necessary foreseeable effects of which were as follows:

a.     To arbitrarily adopt requirements for admission to the active staff of Defendant WMC to exclude the Plaintiff from practicing at Defendant WMC and servicing patients who reside in the Casper, Wyoming area.

b.     To arbitrarily construct the Medical Staff Bylaws in such a way as to prevent Plaintiff from admitting patients and servicing patients at WMC.

c.     To intentionally restrict Plaintiff and others with similar degrees from offering medical services similar to those offered by other competing providers including Defendant WMC.

9

26.     As a result, the Plaintiff has suffered, and will continue to suffer, extensive damages cognizable under Section 1 of the Sherman Act.

## COUNT III: ATTEMPTED MONOPOLIZATION

27.     Plaintiff restates and realleges those allegations contained in paragraph 1 through 26 above and incorporates them herein by reference.

28.     The Defendants, and each of them, have intentionally and unlawfully joined with each other and other unnamed individuals in preventing Plaintiff and others with similar degrees from obtaining Medical Staff privileges and performing services at Defendant WMC which they are qualified by education and training to provide, thereby preventing Ripley from providing services to prospective patients in the Casper, Wyoming area in violation of §2 of the Sherman Act (15 U.S.C. §2).

29.     The purpose and effect of Defendants' activities have been and are to unreasonably restrain interstate trade and competition in the line of commerce relating to the provision of oral and maxillofacial and related services. Defendants are attempting to monopolize and have the market power to monopolize the market in Natrona County.

30.     The Defendants' activities have substantially lessened competition in the following respects:

    a.     Plaintiff and other oral surgeons have lost numerous patients which they would have secured by virtue of their admission to Medical Staff status at WMC, in that patients who would have been referred to them from the emergency room at Defendant WMC were not

10

and Plaintiff's patients who wished to be treated at Defendant WMC have been required to retain other physicians to admit them.

            b.       Defendants for themselves and/or other physicians admitted to practice at Defendant WMC have obtained and/or have continued to maintain a substantial share of the market defined above which they would not have acquired otherwise, thereby reducing Plaintiff's share and the share of other oral and maxillofacial surgeons and others without M.D. and D.O. degrees of the market and decreasing their ability to compete.

31.      Said restraint of trade is a violation of Section 2 of the Sherman Antitrust Act (15 U.S.C. §2).

32.      As a result of the foregoing acts, Plaintiff has suffered, and will continue to suffer, extensive damages cognizable under Section 2 of the Sherman Act.

WHEREFORE, Plaintiff prays that this Court:

1.      Issue an order restraining and enjoining WMC from denying active Medical Staff privileges to Plaintiff on the sole basis that the bylaws do not allow admitting privileges and Medical Staff appointment for oral and maxillofacial surgeons and others with degrees similar to that held by Plaintiff, and ordering that WMC immediately and without delay admit Plaintiff to its Active Medical Staff and allow him to provide all treatment for which he is qualified by education and training..

2.      Award damages to Plaintiff and treble them as a result of Defendants' violations of the Sherman Act, together with costs and attorney's fees.

3.      Award the Plaintiff costs and expenses of this litigation, including reasonable attorney's fees.

4.      Grant the Plaintiff such other and further relief as the Court may deem just and proper in the circumstances.

DATED this 13th day of April, 2006.

KLINE LAW OFFICE, P.C.

By _____

Stephen H. Kline
Attorney for Plaintiff

12